22-271-cr
United States v. Duclos

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of June, two thousand twenty-three.

PRESENT:
> ROSEMARY S. POOLER,
> BARRINGTON D. PARKER,
> ALISON J. NATHAN,
> *Circuit Judges.*

---

United States of America,

> *Appellee,*

v.                                                                 22-271-cr

Barry Duclos, aka 1NOLEFB1,

> *Defendant-Appellant*.

---

FOR DEFENDANT-APPELLANT:          MATTHEW BRISSENDEN, Matthew W. Brissenden, P.C., Garden City, NY.

FOR APPELLEE:          EDWARD CHANG (Elena Lalli Coronado, *on the brief*), Assistant United States Attorneys, *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, CT.

1

Appeal from a judgment of the United States District Court for the District of Connecticut (Bolden, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Defendant Barry Duclos appeals from a judgment of conviction entered on February 4, 2022. Following a jury trial, Duclos was found guilty of eight counts of possessing with intent to distribute fentanyl and fentanyl analogues, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts One and Three through Nine); one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Ten); and one count of unlawful possession of ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Eleven). After calculating the recommended sentencing range under the 2021 Sentencing Guidelines, the district court sentenced Duclos to 110 months' imprisonment on the drug offenses and a consecutive 60 months' imprisonment on the firearm and ammunition offenses, yielding a total term of incarceration of 170 months (to be followed by three years' supervised release).

Count Nine of the indictment alleged that Duclos "knowingly and intentionally possessed with intent to distribute a mixture and substance containing a detectable amount of fentanyl and carfentanil, both Schedule II controlled substances." App'x 45. At trial, the government presented evidence that Duclos possessed fentanyl and carfentanil, but it did not present evidence that Duclos possessed a mixture or substance containing *both* fentanyl and carfentanil. At one point, the jury was instructed to determine "whether the materials in question in Count Nine were, in fact, a mixture and substance containing a detectable amount of fentanyl *or* carfentanil," but immediately

following, the jury was told that the government must prove that "Mr. Duclos possessed fentanyl *and* carfentanil." App'x 492–93.

On appeal, Duclos argues that (i) the evidence presented at trial and the jury instructions constituted a constructive amendment or a prejudicial variance of Count Nine; (ii) Count Nine was duplicitous; and (iii) the district court committed an *ex post facto* violation by using the 2021 Guidelines, because the 2016 Guidelines (which were in effect at the time of his criminal conduct) purportedly treat certain fentanyl analogues more leniently. Because Duclos did not raise any of these objections before the district court, his arguments are reviewed for plain error. *See* Fed. R. Crim. P. 52(b). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

## I. Constructive Amendment or Prejudicial Variance

To prevail on a claim of constructive amendment, a defendant "must demonstrate that either the proof at trial or the trial court's jury instructions so altered an essential element of the charge that, upon review, it is uncertain whether the defendant was convicted of conduct that was the subject of the grand jury's indictment." *United States v. Salmonese*, 352 F.3d 608, 620 (2d Cir. 2003) (internal quotation marks omitted). "The charge has been so altered either where (1) an additional element, sufficient for conviction, is added, or (2) an element essential to the crime charged is altered." *United States v. Khalupsky*, 5 F.4th 279, 293 (2d Cir. 2021) (internal quotation marks omitted).

"By contrast to constructive amendment, 'variance' . . . occurs when the charging terms of an indictment are unaltered, but the trial evidence proves facts materially different from those alleged in the indictment." *United States v. Agrawal*, 726 F.3d 235, 260 (2d Cir. 2013). "A

3

variance raises constitutional concerns only if it deprives a defendant of the notice and double jeopardy protections of an indictment," and the defendant must establish this prejudice "to secure relief on appeal." *Id.*

In this case, both sides agree that investigators found fentanyl and carfentanil in Duclos's home. Duclos's argument for reversal amounts to a claim that the government was required to show that he *mixed* the carfentanil and fentanyl together. However, we have explained that "federal pleading requires that an indictment charge be in the conjunctive to inform the accused fully of the charges. A conviction under such an indictment will be sustained if the evidence indicates that the statute was violated in any of the ways charged." *United States v. Mejia*, 545 F.3d 179, 207 (2d Cir. 2008) (cleaned up). Therefore, when an indictment charges "a single offense of 'possession with intent to distribute . . . (a) . . . *and* (b),'" then "[e]ither '(a)' *or* '(b)' could form the basis for conviction." *United States v. McCourty*, 562 F.3d 458, 471 (2d Cir. 2009) (emphases added).

Under *Mejia* and *McCourty*, Count Nine required the government to demonstrate that Duclos "knowingly [or] intentionally possessed with intent to distribute a mixture [or] substance containing a detectable amount of fentanyl [or] carfentanil." App'x 45. Therefore, proving that Duclos separately possessed fentanyl and carfentanil was neither a constructive amendment of the indictment nor a prejudicial variance from its terms.

## II. Duplicity

"An indictment is impermissibly duplicitous where: 1) it combines two or more distinct crimes into one count in contravention of Fed. R. Crim. P. 8(a)'s requirement that there be a separate count for each offense, and 2) the defendant is prejudiced thereby." *United States v. Vilar*, 729 F.3d 62, 79 (2d Cir. 2013) (cleaned up); *see also United States v. Sturdivant*, 244 F.3d 71, 75

4

(2d Cir. 2001). However, "acts that could be charged as separate counts of an indictment may instead be charged in a single count if those acts could be characterized as part of a single continuing scheme." *United States v. Tutino*, 883 F.2d 1125, 1141 (2d Cir. 1989).

Duclos contends that Count Nine was duplicitous because it combined a fentanyl offense and a carfentanil offense into one count. The government, meanwhile, argues that these two acts could be characterized as part of a single continuing scheme because the drugs were found at the same place and time. In his reply, Duclos relies on a district court's interpretation of our precedents on duplicity. That court concluded:

> To aggregate separate drug transactions into a single violation of 21 U.S.C. § 841(a)(1), the grand jury must also charge a defendant with an overlapping narcotics conspiracy, or some other crime that connects the otherwise-separate drug sales charged in the substantive count. . . . *Tutino* held that individual sales may be combined into a single count if the sales are part of a "scheme," but *Sturdivant appears* to hold that some type of "scheme" *must be alleged elsewhere in the indictment*, such as in a conspiracy charge.

*United States v. Hennings*, No. 18-cr-28-A, 2018 WL 4221575, at *4 (W.D.N.Y. Sept. 5, 2018) (emphases added). Because the indictment did not charge Duclos with an overlapping narcotics conspiracy, Duclos argues that the *Tutino* exception does not apply.

Our case law is not entirely clear on whether the "single continuing scheme" described in *Tutino* must be alleged in the operative indictment. See *Hennings*, 2018 WL 4221575, at *3 ("In the nearly thirty years since it decided *Tutino* . . . the Second Circuit has suggested that *Tutino*'s holding is either wrong or narrower than the Government argues."). Thus, even if we adopted Duclos's interpretation and concluded that there was impermissible duplicity in Count Nine, that error would not be plain. "For an error to be plain, it must, at a minimum, be clear under current law. A reviewing court typically will not find such error where the operative legal question is unsettled." *United States v. Weintraub*, 273 F.3d 139, 152 (2d Cir. 2001) (internal quotation marks

5

omitted). Therefore, if Duclos's challenge survived step one of plain error review, it still would nonetheless fail at step two.

### III. *Ex Post Facto* **Violation**

When a defendant is convicted of a drug offense involving one of "the more common controlled substances," which include fentanyl and fentanyl analogues, then the Guidelines range is derived from the Drug Quantity Table. U.S.S.G. §§ 2D1.1 Application Note 8(A); 2D1.1(c) (Drug Quantity Table). However, if the offense involves a less common controlled substance, or the defendant is convicted of crimes involving multiple substances, then the Guidelines instruct courts to use the Drug Equivalency Tables located at U.S.S.G. § 2D1.1 Application Note 8(D).

A sentencing court usually consults the Sentencing Guidelines that are "in effect on the date the defendant is sentenced." 18 U.S.C. § 3553(a)(4)(A)(ii). However, "[w]hen the application of the Guidelines in effect at the time of sentencing would result in a more severe penalty than would application of the Guidelines in effect at the time the offense was committed, the *Ex Post Facto* Clause requires the use of the earlier version of the Guidelines." *United States v. Kilkenny*, 493 F.3d 122, 126–27 (2d Cir. 2007).

Duclos's argument for an *ex post facto* violation arises out of a discrepancy between the 2016 Drug Quantity Table and the 2016 Drug Equivalency Table. Although the 2016 Quantity Table lists "fentanyl analogues" as a category and treats 1g of *any* fentanyl analogue as equivalent to 10kg marijuana for purposes of sentencing (*i.e.*, a 1:10,000 ratio), the 2016 Equivalency Table does not include a similar catchall category for fentanyl analogues. Instead, the 2016 Equivalency Table identifies two specific fentanyl analogues—alpha-methylfentanyl and 3-methylfentanyl— and assigns them a conversion ratio of 1:10,000. Fentanyl, meanwhile, has a lower conversion rate of 1:2,500.

In this case, Duclos was tried and convicted of distributing (*inter alia*) cyclopropyl fentanyl, which is typically treated as a fentanyl analogue. But because neither cyclopropyl fentanyl nor "fentanyl analogues" were included as categories in the 2016 *Equivalency* Table, Duclos argues that the 2016 Guidelines, as applied to his case, would have required the court to treat cyclopropyl fentanyl as fentanyl for conversion purposes. Thus, cyclopropyl fentanyl would be converted at a rate of 1:2,500, which is lower than the 1:10,000 rate that applies to all fentanyl analogues in the 2021 Equivalency Table. To support his position, Duclos cites 2016 U.S.S.G. § 2D1.1 Application Note 6 ("Analogues and Controlled Substances Not Referenced in this Guideline"), which instructs that "[a]ny reference to a particular controlled substance in these guidelines includes . . . except as otherwise provided, any analogue of that controlled substance."

Duclos's theory of the 2016 Guidelines produces absurd results. For example, if a defendant was caught with 1g of cyclopropyl fentanyl, then the sentencing court would go directly to the 2016 Drug Quantity Table and see that it should be treated as the equivalent of 10kg of marijuana. However, if the defendant was caught with 1g cyclopropyl fentanyl *and* 1g marijuana, then the court would look to the 2016 Drug Equivalency Table to calculate the total converted drug weight. If Duclos is right, then the court would be obliged to apply the 1:2,500 ratio for fentanyl rather than the 1:10,000 ratio for alpha-methylfentanyl or 3-methylfentanyl. The converted drug weight would be 2.501kg marijuana—a full 7.499kg less than if the defendant had only been caught with 1g cyclopropyl fentanyl.

But aside from producing absurd results, there are other reasons to be skeptical of Duclos's theory. To start, the application note that Duclos relies on states that it is limited to "Analogues and Controlled Substances *Not* Referenced in this Guideline." 2016 U.S.S.G. § 2D1.1 Application Note 6 (emphasis added). Because "Fentanyl Analogues" are referenced in the Drug Quantity

Table (which is in the same Guideline), the Application Note's definition of "analogue" likely does not apply to fentanyl analogues. Moreover, when the Sentencing Commission added the catchall category of "fentanyl analogue" to the Drug Equivalency Table in November 2018, it stated that its purpose was to "*reaffirm* that fentanyl analogues are treated differently than fentanyl under the guidelines as well as the statute." U.S.S.G. Amendment 807 (emphasis added).

For these reasons, we once again conclude that Duclos has failed to demonstrate an error that is "plain." Even if the Court were to agree that the 2016 Guidelines treated cyclopropyl fentanyl more leniently than the 2021 Guidelines, that conclusion is far from "clear" or "obvious" under existing case law or the plain language of the 2016 Guidelines. Duclos may be able to show that the 2016 Guidelines were ambiguous or confusing, but that is not sufficient to prevail on plain error review. *See Weintraub*, 273 F.3d at 152.

\*     \*     \*

We have considered Duclos's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8